UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| MULTI TIME MACHINE, INC., | ) | |
| | ) | |
| Plaintiff /Appellant, | ) | |
| | ) | |
| v. | ) | No.  13-55575 |
| | ) | |
| AMAZON.COM, INC. AND AMAZON | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendants /Appellees. | ) | |

**MOTION OF PUBLIC CITIZEN, INC. AND
ELECTRONIC FRONTIER FOUNDATION
FOR LEAVE TO FILE BRIEF AS AMICI CURIAE
SUPPORTING EN BANC REHEARING**

Pursuant to Rule 29 of the Federal Rules of Appellate Procedure, Public Citizen, Inc. and the Electronic Frontier Foundation, seek the Court's leave to file the accompanying brief as amici curiae, urging the Court to grant en banc rehearing, and, in the event en banc rehearing is granted, to file a brief to the en banc court, for the following reasons:

1.  On July 6, 2015, a panel of this Court issued a decision reversing the judgment of the United States District Court for the Central District of California, granting summary judgment dismissing plaintiff's claims of trademark infringement.

2.  On July 20, 2015, defendants/appellees filed a petition for rehearing en banc, urging the Court to reconcile the Court's various applications of the doctrine

of initial interest confusion, and to reject the proposition that responding to a consumer's entry of a trademark as a search term in a search engine constitutes a "use in commerce" of the trademark by the operator of the search engine.

3.     Public Citizen, Inc. is a public-interest organization based in Washington, D.C., founded in 1971, that has more than 400,000 members and supporters nationwide, about 100,000 of them in the Ninth Circuit.  Since its founding in 1971, Public Citizen has urged citizens to speak out about a variety of large institutions, including corporations, government agencies, and unions, and it has advocated in the courts and in Congress for a variety of protections for the rights of consumers, citizens and employees to encourage them to voice their views.  Along with its efforts to encourage public participation, Public Citizen has brought and defended numerous cases involving the rights of citizens who do participate in public debate.

Public Citizen believes that the Internet provides a tremendous opportunity for ordinary citizens to express their views, and to have them heard, and that, by the same token, it provides an opportunity for consumers to obtain information that they may need to protect their economic and political interests.  It is vitally important that the legal rules governing use of the Internet be crafted to provide a maximum opportunity for the free exchange of information between willing speakers and willing listeners.

In recent years, Public Citizen has watched with dismay as an increasing number of companies have resorted to litigation to prevent ordinary citizens from using the Internet to express their views about the manner in which companies have conducted their affairs. In a number of cases, companies have brought baseless lawsuits, hoping to silence their critics through the threat of ruinous litigation.

One theory that is frequently invoked in such cases is that the use of the name of a company or product that is discussed on a website violates the trademark rights of the company in question. Public Citizen has represented citizens who have been sued for using company names in their domain names, in banners on their web sites, and in their web site meta tags. Through its work in these and similar cases, Public Citizen has come to understand how consumers use the Internet, and how domain names and meta tags bring relevant sites to the attention of interested consumers. That understanding is fundamentally at odds with the factual assumptions that undergird the decision under appeal here. And Public Citizen has seen how the doctrine of initial interest confusion has been deployed to entangle consumers and web site operators hosting speech by consumers (considering that hosts immunity does not apply to trademark claims) in expensive and time-consuming litigation where there is no real danger of consumer confusion about the sponsorship of web sites about trademark holders and their products.

Public Citizen's counsel have represented many operators of Internet commentary sites and filed many amicus briefs, in this Court and elsewhere, in cases where markholders asserted that the doctrine of initial interest confusion barred the use of trademarks to call web sites to the attention of Internet users. Public Citizen has filed in this Court as amicus curiae in *Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002 (9th Cir. 2004), and represented accused infringers in *Bosley Medical Institute v. Kremer*, 403 F.3d 672 (9th Cir. 2005), and *Anlin Industries v. Burgess*, 301 Fed. Appx. 745 (9th Cir. 2008).

4. The Electronic Frontier Foundation ("EFF") is a non-profit civil liberties organization that has worked for more than 20 years to protect consumer interests, innovation, and free expression in the digital world. EFF and its more than 22,000 dues-paying members have a strong interest in helping the courts and policy-makers strike the appropriate balance between intellectual property and the public interest. As part of its mission, EFF has often served as amicus in trademark cases, including *Radiance Foundation v. N.A.A.C.P.*, 786 F.3d 316 (4th Cir. 2015); *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93 (2d Cir. 2010); and *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123 (2d Cir. 2009).

5. In the accompanying proposed amicus brief in support of rehearing en banc, amici argue that the Ninth Circuit should accept responsibility for the mistake that it

-4-

made in adopting the doctrine of initial interest confusion as a way to find trademark infringement of online uses for trademarks that help Internet users identify web sites and web pages that might contain information of interest to them.  Amici argue that instead of simply fixing the doctrine of initial interest confusion, the Ninth Circuit should overrule *Brookfield Commc'ns v. West Coast Entm't Corp.*, 174 F.3d 1036 (9th Cir. 1999).  Moreover,  in light of the fact that it has been thirty years since the last time the Court heard a trademark case en banc, and considering that the Court's previous en banc trademark cases were not addressed to issues about likelihood of confusion, amici are worried about the possibility that the en banc court might enthrone fundamentally ill-conceived analysis in binding circuit law that individual panels will not be able to undo.  With that concern in mind, amici also address two issues poorly addressed by the panel that may well arise in the course of en banc consideration as well.

6. Counsel for the Amazon defendants-appellees have consented to this motion for leave to file as amicus curiae.  Counsel for plaintiff-appellant Multi-Time Machine indicates that it opposes Public Citizen's amicus participation.

7.  The proposed amicus brief was written solely by undersigned counsel, without any participation by counsel for any party.  The brief is solely financed by Public Citizen, and no other person (especially no party) contributed money to fund

preparing or submitting the brief.

## CONCLUSION

The motion for leave to file as amici curiae should be granted.

Respectfully submitted,

/s/  Paul Alan Levy

Paul Alan Levy
Scott Michelman

Public Citizen Litigation Group
1600 20th Street, N.W.
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

July 28, 2015                     Attorneys for Amici Curiae

## CORPORATE DISCLOSURE STATEMENT

Both movants, Public Citizen, Inc. and Electronic Frontier Foundation, are non-profit corporations. Neither has a parent corporation, and no publicly traded corporation owns more than 10% of either's stock.

/s/  Paul Alan Levy

## CERTIFICATE OF SERVICE

On this date, I filed the motion of Public Citizen, Inc. and Electronic Frontier Foundation for leave to file as amici curiae in Multi Time Machine, Inc. v. Amazon.com *et al.*. No. 13-55575, through the Court's ECF system, which will effect service on all parties electronically.


July 28, 2015                          /s/ Paul Alan Levy